■ In the Matter of MARKIES V. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MARIE V., Respondent. [941 NYS2d 175]—

In a proceeding pursuant to Social Services Law § 383-c (3) for the judicial surrender of the subject child for the purpose of adoption, the Rockland County Department of Social Services appeals from an order of the Family Court, Rockland County (Edwards, J.), entered April 19, 2011, which, after a hearing, in effect, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs

or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Rockland County, for further proceedings on the petition.

Social Services Law § 383-c sets out the procedures for "surrender" of the guardianship of the person and the custody of a child in foster care to an "authorized agency" for the purpose of freeing the child for adoption (Social Services Law § 383-c [1]). It provides that the surrender "instrument" may, but is not required to, designate the name of the person or persons who will adopt the child (Social Services Law § 383-c [5]). This provision, as well as others in the statutory framework (*see e.g.* Social Services Law § 383-c [2] [a], [b]), contemplate that surrender of guardianship and custody will take place in some instances even before a preadoptive home has been identified. The statute further provides that the surrender will be "upon such terms and subject to such conditions as may be agreed upon by the parties" (*see* Social Services Law § 383-c [2]). Generally, those terms and conditions concern continued communication or contact between the child and the child's parents or siblings (*see* Social Services Law § 383-c [2], [3]). To ensure that these terms and conditions are appropriate, the legislature has mandated that, before approving the surrender, the Family Court determine whether the terms and conditions are in the child's best interests (*see* Social Services Law § 383-c [3] [b]). Thus, the statute requires judicial review of the terms and conditions of the surrender, but it does not contemplate that a court may reject the petition simply because no preadoptive home has been identified.

Here, the Family Court denied the petition solely on the ground that no preadoptive home was designated. This was error. Consequently, we reverse the order, reinstate the petition, and remit the matter to the Family Court, Rockland County, for further proceedings on the petition. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.